# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:18-cv-00274-MR-DLH

RON DAVID METCALF, et al.,       )
                                 )
            Plaintiffs,          )
                                 )
     vs.                         )      **O R D E R**
                                 )
GRAHAM COUNTY, et al.,           )
                                 )
            Defendants.          )
_____  )

**THIS MATTER** is before the Court on Plaintiffs' Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2].

## I. BACKGROUND

As an initial matter, Ronald Metcalf filed a Complaint in March of 2014, asserting claims as the "head of household" against Susan Call and Kimberly Carpenter[1], as well as other various individuals, including attorneys and a judge, for violation of civil rights pursuant to 42 U.S.C. §§ 1983 and 1985 arising out of North Carolina state court actions concerning the custody of the Metcalfs' grandchildren. [Civil Case No. 2:14-cv-00010-MR-DLH, Doc.

---

[1] Plaintiff's previous action named Kimberly "Lay" as a Defendant. [Civil Case No. 2:14-cv-00010-MR-DLH, Doc. 1]. However, in this matter, Kimberly "Carpenter" appears to be the same person, as Plaintiff makes similar allegations and refers to this Defendant as "Kimberly (now) Carpenter." [Doc. 1 at 17].

1]. The Court dismissed the action as frivolous. [Id., Doc. 3]. Ronald Metcalf appealed, and on September 26, 2014, the Fourth Circuit Court of Appeals affirmed. [Id. Docs. 6, 9].

In the present matter, the Complaint largely repeats and extends the allegations and claims asserted in the previously filed action. [See Doc. 1]. The Plaintiffs assert claims against Susan Call, Kim Carpenter, Graham County, and Swain County, for violations of the Americans with Disabilities Act and for equal protection violations pursuant to 42 U.S.C. § 1983. [Id. at 2-4, 7]. The Plaintiffs' allegations all relate to Graham County, North Carolina and Swain County, North Carolina state court actions concerning the custody of the Metcalfs' grandchildren. [Id. at 8-18].

## II. STANDARD OF REVIEW

Because the Plaintiffs, who are proceeding *pro se*, seek to proceed *in forma pauperis*, the Court must examine the pleadings to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious and states a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners").

Federal district courts are courts of limited jurisdiction. <u>United States ex rel. Vuyyuru v. Jadhav</u>, 555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." <u>Id.</u> The lack of subject matter jurisdiction is an issue that may be raised at any time. <u>See</u> <u>Ellenburg v. Spartan Motors Chassis, Inc.</u>, 519 F.3d 192, 196 (4th Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). The Fourth Circuit has offered the following guidance to a court tasked with determining whether a complaint is frivolous under § 1915(e):

> The district court need not look beyond the complaint's allegations in making such a determination. It must, however, hold the *pro se* complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally. Trial courts, however, are granted broad discretion in determining whether a suit is frivolous or malicious.

<u>White v. White</u>, 886 F.2d 721, 722-23 (4th Cir. 1989). While the complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are

3

clearly baseless," including such claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327-28.

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). A complaint fails to state a claim where it offers merely "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007) (internal quotation marks omitted)).

## III. Discussion

### A. Claims Brought as Guardians for D.J.M.

Ronald Metcalf and Claudia Metcalf purport to be filing this action as the legal guardians for D.J.M., an incompetent person. The Letters of Appointment appointing the Metcalfs as guardians of the person D.J.M. indicates that the Metcalfs have "no authority to receive, manage or administer the property, estate or business affairs of the ward [D.J.M.]." [Doc. 1 at 19]. No guardian ad litem has been appointed. The Complaint fails to provide any support that suggests the Metcalfs have any authority to bring

this action on behalf of D.J.M. [Id.]. As such, the Metcalfs have no standing to bring this action on behalf of D.J.M. Without standing there is no "case or controversy" presented to the Court, and thus there is no Article III subject matter jurisdiction. See Smith v. Frye, 488 F.3d 263, 272 (4th Cir.2007) ("It is well settled that under Article III of the United States Constitution, a plaintiff must establish that a 'case or controversy' exists 'between himself and the defendant' and 'cannot rest his claim to relief on the legal rights or interests of third parties'") (citing and quoting Warth v. Seldin, 422 U.S. 490, 498–99, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975)).

Further, examining the factual allegations which the Metcalfs style as Americans with Disabilities Act violations they are, in substance, claims by the Metcalfs themselves once again seeking to challenge the validity of certain child custody proceedings in the North Carolina courts. Thus, all claims purporting to be brought on behalf of D.J.M. must be dismissed.

### B. Rooker-Feldman Doctrine

To the extent that Ronald Metcalf and Claudia Metcalf attempt to assert their own individual claims, the Complaint fails to state a claim upon which relief can be granted as against the parties named as Defendants in this action, due to the Rooker-Feldman doctrine.

The United States Supreme Court has exclusive jurisdiction over appeals from state-court judgments. See 28 U.S.C. § 1257(a); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). As a corollary to this rule, the Rooker-Feldman doctrine prohibits "a party losing in state court . . . from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). The Metcalfs' prior action in this Court was dismissed without prejudice based on the Rooker-Feldman doctrine. The Metcalfs, in their Complaint, acknowledge their understanding of the limitations of the Rooker-Feldman doctrine, but seek to avoid those limitations by arguing that their legitimate claims were entirely ignored by the state courts. [Doc. 1 at 14-7]. "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that are before the state court." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting Feldman, 460 U.S. at 486). As the Fourth Circuit has explained, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by

6

definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006). Even though the Metcalfs express their frustration that their claims were ignored by the state courts, their narrative clearly demonstrates that the adjudication of the issues in that state court litigation was contrary to their position, and they now seek redress in this Court.

The Supreme Court has cautioned that Rooker-Feldman is a "narrow doctrine" which "is confined to cases of the kind from the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Accordingly, pursuant to Exxon, the Court must examine "whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply." Davani, 434 F.3d at 718 (footnote omitted); Moore v. Idealease of Wilmington, 465 F. Supp. 2d 484, 490 (E.D.N.C. 2006).

In the present case, the Metcalfs clearly seek review of the state court proceedings which applied state law regarding the custody of the Metcalfs' grandchildren, as set forth in the Complaint.[2] [Doc. 1]. Again, similar to the action previously filed by Ronald Metcalf, the allegations and federal claims cited in the Complaint are "a mere pretext for the real focus of the Complaint, which challenges the validity of records and proceedings of the North Carolina courts that resulted in" Susan Call obtaining custody of the Metcalfs' grandchildren. Stratton, 521 F. App'x at 291. Because the Metcalfs do not allege any injury independent of the results of the North Carolina state court proceedings and actions, but rather attempt to frame the state-court proceedings and actions as arising under federal question jurisdiction through the invocation of federal laws [Doc. 1], the Court concludes that the Complaint must be dismissed pursuant to the Rooker-Feldman doctrine for lack of subject matter jurisdiction.

## IV. CONCLUSION

Upon review of the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, the Court finds that such application should

---

[2] This Court gives liberal construction to the *pro se* Complaint in this case, but "[d]istrict judges are not mind readers," and are not required to "conjure up questions never presented to them . . . [or to] construct full-blown claims . . ." Stratton., 521 F. App'x at 290-91 (citing Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985)).

be granted. [Doc. 2]. The Court further concludes that it lacks subject matter jurisdiction over this action. When a Court determines upon a § 1915(e) review that a complaint is factually or legally baseless, the Court must dismiss the case. See Neitzke, 490 U.S. at 328; White, 886 F.2d at 724. It is the intent of Congress that such dismissals occur prior to service of the complaint on defendants. See Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996). As such, the Court will dismiss this civil action.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e).

The Clerk of Court is hereby directed to close this case.

**IT IS SO ORDERED.**

Signed: October 10, 2018

Martin Reidinger
United States District Judge