THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00274-MR-DLH

RON DAVID METCALF, et al.,   )
                              )
            Plaintiffs,       )
                              )
vs.                           )           **O R D E R**
                              )
GRAHAM COUNTY, et al.,        )
                              )
            Defendants.       )
_____)

**THIS MATTER** is before the Court on Plaintiff Ron David Metcalf's Motion to Reconsider [Doc. 5].

## I.   BACKGROUND

On September 26, 2018, the Plaintiff filed his Complaint. [Doc. 1]. On October 10, 2018, the Court entered an Order dismissing this action without prejudice. [Doc. 3]. On October 19, 2018, the Plaintiff filed the present Motion for Reconsideration. [Doc. 5].

## II.  STANDARD OF REVIEW

The Plaintiff's motion seeks relief from the Order pursuant to Federal Rule of Civil Procedure 60(b). Because the Plaintiff's motion was filed within twenty-eight days of the entry of the Order, however, the Plaintiff's motion is more properly construed as a motion to alter or amend the Order pursuant

to Federal Rule of Civil Procedure Rule 59(e). See Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010); MLC Automotive, LLC v. Town of Southern Pines, 532 F.3d 269, 277 (4th Cir. 2008) (citing Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978) (holding that "if a post-judgment motion is filed within [twenty-eight] days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled").

The Fourth Circuit has recognized three grounds for altering or amending a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). Rule 59(e) is considered an "extraordinary remedy" which the Fourth Circuit has cautioned should be used only "sparingly" in exceptional circumstances. Id. Such motions should not be used "to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. Ultimately, the decision to grant or deny a Rule 59(e) motion is a matter within the Court's discretion. See Robinson, 599 F.3d at 407.

## III. DISCUSSION

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. Plaintiff's motion does not present evidence that was unavailable when he filed his original Complaint. Plaintiff attaches to his Motion pieces of documents he indicates constitute some sort of evidence, but all of these items pre-date Plaintiff's Complaint. Likewise, he does not argue that his motion stems from an intervening change in the applicable law. Quite the contrary. Plaintiff cites to several authorities that, again, pre-date Plaintiff's filing of this action. Furthermore, the Plaintiff has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002). Rather, in his motion, the Plaintiff merely reasserts allegations made in the original Complaint to argue that Plaintiff disagrees with this Court's prior ruling and the basis therefor. For the reasons stated in the Court's original Order, Plaintiff's argument is without merit. Accordingly, the Court will deny Plaintiff's motion to alter or amend judgment.

## **O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Reconsider [Doc. 5] is **DENIED**.

**IT IS SO ORDERED.**

Signed: November 15, 2018

Martin Reidinger
United States District Judge